UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MORALES-BAUTISTA (A-215-828-482),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-06748-DC-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 12) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 30, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 12.) On October 6, 2026, Respondents filed objections to the findings and recommendations, asserting that relief is improper because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. (Doc. No. 13.) However, Respondents' arguments were already addressed and rejected by the magistrate judge in this case, and the undersigned in other cases. *See Cuenca-Pucha v. Andrews*, No. 1:26-cv-08113-DC-JDP, 2026 WL 3059492, at *1 (E.D. Cal. Oct. 13, 2026) (granting release of a

petitioner who had been previously released on parole and rejecting the government's argument that the "[p]etitioner is not constitutionally entitled to any additional process beyond what is provided by statute"); *Cardenas Osorio v. Sergio Albarran, et al.*, No. 1:26-cv-08676-DC-JDP, 2026 WL 3228472, at *1 (E.D. Cal. Oct. 28, 2026) (granting petition on due process grounds for a petitioner who was previously paroled into this country and explaining that "contrary to Respondents' contention, the limitation on Petitioner's due process rights relate to her *admissibility*, not her *detention*"). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and will adopt the recommendations that the petition be granted and Petitioner be ordered released for the reasons set forth in *Cuenca-Pucha* and *Cardenas Osorio*.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 30, 2026 (Doc. No. 12) are ADOPTED;
2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Petitioner Jesus Morales-Bautista (A-215-828-482) shall be RELEASED IMMEDIATELY from Respondents' custody. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-

[1] The court liberally construes Petitioner's *pro se* petition. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (citation modified). Moreover, because the court is granting the petition on procedural due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Dena Coggins
United States District Judge